Bevelene HALE, Plaintiff–Appellant,

v.

TRUSTEES OF the UNITED MINE WORKERS HEALTH & RETIREMENT FUNDS, Defendants–Appellees.

No. 93–1352.

United States Court of Appeals, Fourth Circuit.

Argued March 10, 1994.

Decided May 10, 1994.

**ARGUED:** John Michel Lamie, Browning, Morefield, Lamie & Sharp, P.C., Abingdon, VA, for appellant. Matilda Ann Brodnax, Sr. Associate Counsel, Office of the Gen. Counsel, UMWA Health & Retirement Funds, Washington, DC, for appellees. **ON BRIEF:** Glenda S. Finch, Associate Gen. Counsel, Angela T. Kennedy, Asst. Gen. Counsel, Office of the Gen. Counsel, UMWA Health & Retirement Funds, Washington, DC, for appellees.

Before WILKINSON and WILLIAMS, Circuit Judges, RONEY, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

Affirmed by published opinion. Judge WILLIAMS wrote the opinion, in which Judge WILKINSON and Senior Judge RONEY joined.

## OPINION

WILLIAMS, Circuit Judge:

On March 3, 1988, after completion of her shift, Bevelene Hale fell while showering in the bathhouse on the premises of Sea "B" Mining Company and injured her left shoulder, back, and knees. She subsequently applied for and received workers' compensation and Social Security benefits based on the injuries resulting from the accident. In November 1989, Hale applied for disability pension benefits from the Trustees of the United Mine Workers of America (UMWA) Health and Retirement Funds (Trustees). The Trustees denied Hale's claim, concluding that she was not injured in a mine accident during the performance of classified work because the injury occurred after the end of her shift, away from her usual work site, and she was not being paid at the time of her injury. Hale appealed the initial decision and, after a hearing, the denial of her application was affirmed.

Hale then filed suit in district court alleging that the Trustees abused their discretion by denying her application for disability pension benefits. On cross-motions for summary judgment, the magistrate judge[1] concluded that the Trustees had not abused their discretion, affirmed the denial of Hale's claim for benefits, and granted summary judgment to the Trustees. The district court accepted the magistrate judge's recommendation, notwithstanding Hale's objections, and Hale appeals. We agree with the district court that the Trustees did not abuse their discretion, and affirm the grant of summary judgment in their favor.

▇▇▇ It is well-established that the abuse of discretion standard under *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989), is applicable to our review of the Trustees' decisions under the UMWA pension plans. *Lockhart v. United Mine Workers 1974 Pension Trust,* 5 F.3d 74, 77 (4th Cir.1993);

*Richards v. United Mine Workers Health & Retirement Fund,* 895 F.2d 133, 135 (4th Cir.1990); *Boyd v. Trustees of the United Mine Workers Health & Retirement Funds,* 873 F.2d 57, 59 (4th Cir.1989). In conducting such review, "[t]he dispositive principle remains ... that where plan fiduciaries have offered a reasonable interpretation of disputed provisions, 'courts may not replace [it] with an interpretation of their own.'" *De Nobel v. Vitro Corp.,* 885 F.2d 1180, 1188 (4th Cir.1989) (quoting *Holland v. Burlington Indus., Inc.,* 772 F.2d 1140, 1149 (4th Cir. 1985)).

At issue in this case, as it was in *Lockhart,* is the Trustees' interpretation of the term "mine accident." The Plan provides that a qualified employee is entitled to a disability pension if he or she becomes totally disabled "as a result of a mine accident...." (J.A. at 124.) The Plan does not, however, define the term "mine accident."[2] Therefore, the Trustees must rely on the rules and regulations implementing the Plan, embodied in the form of questions and answers (Q & As), to determine if a disability resulted from a "mine accident." According to Q & A 252, in order for a miner to qualify for benefits as a result of a mine accident, "[t]he disability must be traceable to a definite time, place and occasion which occurred within the course of the mine worker's employment." (J.A. at 47.) Q & A 288 provides that "if a miner either going to work or returning from work ... is killed in an automobile accident on coal company property," the death is not considered a mine accident because it did not occur as a direct result of the miner's performance of classified work. (J.A. at 49.) Furthermore, Q & A DB–6 indicates that the mere presence or absence of a miner on coal company property does not determine whether the miner was injured in a mine accident. (J.A. at 50.)

▇▇▇ The Trustees concluded that neither the time, place, nor occasion of Hale's

---

1. Pursuant to 28 U.S.C.A. § 636(c)(2) (West 1993), the parties consented to the exercise of jurisdiction by the magistrate judge.

2. The Trustees do not contest Hale's qualification for total disability.

Under the Plan, the standard for that determination is hinged to qualification for Social Security disability benefits, and Hale qualified for those benefits.

accident was within the course of her employment. She had finished her shift and was in the bathhouse showering and cleaning up to go home, an activity not required for the performance of her classified work. Nevertheless, Hale contends that, because mine employers are required by the collective bargaining agreement with the UMWA to provide bathhouses for the convenience of employees,[3] showering at the end of her shift was part of the performance of her classified work. While the Trustees may refer to the collective bargaining agreement for guidance in determining if a particular job is classified,[4] the collective bargaining agreement is not enforceable against them. *See Sinai Hosp. of Baltimore, Inc. v. National Ben. Fund for Hosp. & Health Care Employees,* 697 F.2d 562, 568 (4th Cir.1982) (collective bargaining agreement is not enforceable against trustees of pension plan). Moreover, the collective bargaining agreement did not require Hale to take a shower before going home, and Hale presented no other evidence that she was doing anything relevant to or required by the performance of her work when she was injured.

 Hale also asserts that her receipt of workers' compensation benefits conclusively establishes that she was disabled as a result of a mine accident. She contends that state workers' compensation standards have essentially been incorporated into the Trustees' pension disability determination. Contrary to her assertion, Q & A 35 provides that a workers' compensation award is *not* conclusive proof of a mine accident. (J.A. at 52.) Absent a plan provision expressly adopting workers' compensation standards, the Trustees are not bound by Hale's receipt of workers' compensation benefits in deciding whether she was disabled in a mining accident. *See Moats v. United Mine Workers Health & Retirement Funds,* 981 F.2d 685, 689 (3d Cir.1992) (trustees of a pension plan are not obligated to apply workers' compensation rules in cases involving the determination of a mine accident); *Brown v. Retirement Comm. of Briggs & Stratton Retirement*

*Plan,* 797 F.2d 521, 529 (7th Cir.1986), *cert. denied,* 479 U.S. 1094, 107 S.Ct. 1311, 94 L.Ed.2d 165 (1987) (administrator of ERISA plan not bound to definition of disability used in state courts); *Glover v. South Central Bell Tel. Co.,* 644 F.2d 1155, 1158 (5th Cir.1981) (pension plan administrators not bound to definition of disability used for purposes of workers' compensation and insurance).

 As we stated in *Lockhart,* "the location of the accident—either on or off company property—is not dispositive." 5 F.3d at 79. We agree with the district court that the key inquiry in these cases is not where the accident occurred, but what the miner was doing at the time of the accident, and whether the activity was related to the miner's classified work. In this case, the Trustees did not abuse their discretion in concluding that Hale was not engaged in classified work at the time of her injury and in denying her claim for disability pension benefits. Accordingly, the district court's grant of summary judgment to the Trustees is affirmed.

*AFFIRMED.*

---

3. *See* Article XXII Section (a) of the National Bituminous Coal Wage Agreement of 1988 (NBCWA).

4. Appendix B of the NBCWA provides a list of jobs that are considered classified employment in the coal industry.