MEMORANDUM OPINION AND ORDER
 

 HADEN, Chief Judge.
 

 Pending are Defendant Connecticut General Life Insurance Company’s motions to Strike Plaintiffs Jury Demand, for Dismissal of Counts I-VII of the Complaint, and to Dismiss Claims for Extra Contractual, Compensatory and Punitive Damages. Also pending is DuPont’s Motion to Dismiss Counts I-VII of the Complaint.
 

 Plaintiff initially filed this action in the Circuit Court of Kanawha County, West Virginia seeking a declaratory judgment and damages. Her Complaint asserts several state claims and seeks, among other things, compensatory damages, consequential damages, and punitive damages. Counts I-VII are state law claims for Reasonable Expectation of Benefit, Breach of Contract, Fraud, Tort of Outrage, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Estoppel. The action was removed based on the Defendants’ assertion that Plaintiffs claims are pre-empted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001
 
 et seq.
 
 Removal was based on 28 U.S.C. § 1441(b), 28 U.S.C. § 1446(b), and 29 U.S.C. § 1144(a). Plaintiff consented to the removal.
 

 Plaintiff is the widow and administratrix of the estate of her deceased husband, George Gardner. Mr. Gardner, a retired DuPont employee, died on March 13, 1994. Apparently, Mr. Gardner had obtained two life insurance policies through DuPont before his death. Through his employment with DuPont, Plaintiff was covered automatically by a non-contributory group life insurance plan, the entire cost of which was paid by DuPont.
 

 Mr. Gardner was also eligible as a DuPont employee to participate in a contributory group life insurance arrangement in which participating employees paid a monthly premium of $.60 per $1,000 of coverage. When an employee terminates his employment with DuPont, the employee may convert the contributory group policy to an individual policy by contacting the life insurance company directly. DuPont asserts it paid all of the administrative costs and any difference of amounts between the cost of coverage and the premiums paid by Mr. Gardner and other participating employees for the contributory policy. DuPont also notes it served as the administrator for the contributory as well as the non-contributory policies.
 

 ERISA comprehensively regulates, among other things, employee welfare benefit plans that provide benefits in the event of sickness, accident, disability, or death. 29 U.S.C. § 1002(1). Congress included within ERISA
 
 *473
 
 several clauses setting out the legislation’s pre-emptive effect. The first of those clauses states:
 

 Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan____
 

 29 U.S.C. § 1144(a).
 

 The Supreme Court often has noted the expansive sweep of the ERISA pre-emption clause. In
 
 Ingersoll-Rand Co. v. McClendon,
 
 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990), the Court stated:
 

 A law “relates to” an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan. Under this broad commonsense meaning, a state law may “relate to” a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.
 

 As the Supreme Court noted in
 
 Pilot Life Ins. Co. v. Dedeaux,
 
 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987), “[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if the ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.”
 

 In the instant action, Claims I-VII were brought pursuant to state law. Defendants argue Plaintiffs state law claims are related to and thus pre-empted by ERISA, and that they must, therefore, be dismissed. Pursuant to ERISA:
 

 A civil action may be brought by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, or to clarify his rights or future benefits under the terms of the plan.
 

 29 U.S.C. § 1132(a)(1)(B). Normally, a cause of action arises under federal law only when the plaintiffs well-pleaded complaint raises issues of federal law. The Supreme Court created an exception to this general rule in limited circumstances:
 

 Federal pre-emption is ordinarily a federal defense to the plaintiffs suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.
 
 Gully v. First National Bank, supra
 
 [299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70] [1936]. One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.
 

 Metropolitan Life Insurance Co. v. Taylor,
 
 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). The Court concluded Congress intended ERISA to be included in that select group.
 
 Id.
 
 More recently, the Court reaffirmed its holding that the preemptive effect of 29 U.S.C. § 1132(a)(1)(B) is “so complete that an ERISA pre-emption defense provides a sufficient basis for removal of a cause of action to the federal forum notwithstanding the traditional limitation imposed by the Veil-pleaded complaint’ rule.”
 
 Ingersoll-Rand v. McClendon, supra,
 
 498 U.S. at 145, 111 S.Ct. at 486.
 

 This case was removed based on the
 
 Metropolitan Life
 
 Court’s holding that the assertion of a § 1132 preemption defense confers federal question jurisdiction.
 
 Metropolitan Life,
 
 481 U.S. at 67, 107 S.Ct. at 1548. The Defendants here have asserted the ERISA pre-emption defense regarding the state law claims, which relate to both the non-contributory and contributory policies. The Court concludes the state causes of action associated with the non-contributory policy, which clearly qualifies as an ERISA plan, are preempted by ERISA. The facts so far developed do not establish conclusively, however, that ERISA wholly pre-empts Plaintiffs state law claims in regard to the contributory policy.
 
 [1]
 

 
 *474
 
 The life insurance policies at issue must be part of a plan as defined by ERISA for the complete pre-emption doctrine to apply. The Department of Labor has promulgated, pursuant to 29 U.S.C. § 1135, regulations intended to clarify the definition of the terms “employee welfare benefit plan” and “welfare plan” by identifying certain policies that do not constitute employee welfare benefit plans. Title 29 C.F.R. § 2510.3-l(j), the so-called “safe harbor” provision that excludes some group insurance programs from the definition of “employee welfare benefit Plan” under ERISA, provides:
 

 the terms “employee welfare benefit plan” and “welfare plan” shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which:
 

 (1) No contributions are made by an employer or employee organization;
 

 (2) Participation [in] the program is completely voluntary for employees or members;
 

 (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
 

 (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.
 

 Our Court of Appeals thus has recognized:
 

 the purchase of every insurance policy does not automatically establish the existence of a welfare benefit plan under ERISA. The Department of Labor has issued regulations stating that if the employer merely facilitates the purchase of a group insurance policy paid for entirely by the employees, the employer is not establishing a plan.
 
 See
 
 29 CFR § 2510.3-1®. There must be some payment and manifestation of intent by the employer or employee organization to provide a benefit to the employees or the employees’ beneficiaries of the type described in 29 U.S.C. § 1002(1). The existence of a plan may be determined by the surrounding circumstances to the extent that a “reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.”
 
 Donovan v. Dillingham
 
 688 F.2d 1367, 1373 (11th Cir.1982)
 
 (en banc).
 
 Thus, for ERISA to apply, there must be (1) a plan, fund or program, (2) established or maintained (3) by an employer, organization, or both, (4) for the purpose of providing a benefit, (5) to employees or their beneficiaries.
 

 Custer v. Pan American Life Ins. Co.
 
 12 F.3d 410, 417 (4th Cir.1993). Likewise, this Court has recognized that for an employee benefits program to come within the ambit of ERISA, the employer “must do more than merely advertise the plan and collect the contributions; it must actively participate in the administration of the plan.”
 
 ELCO Mechanical v. Builders Supply,
 
 832 F.Supp. 1054, 1057 (S.D.W.Va.1993). The determination of whether an ERISA covered plan exists is, therefore, a factual as well as a legal one.
 

 In the instant action, the Court is unable to determine from the parties’ briefs and exhibits whether the contributory policy purchased by the Plaintiff satisfies the conditions that would qualify it as an ERISA plan. The parties disagree about whether the four criteria enumerated in the regulation are satisfied. The briefs submitted were written before discovery and the facts necessary to
 
 *475
 
 establish the existence of a plan are yet undeveloped and still in dispute.
 

 Plaintiff contends the first two conditions of 29 C.F.R. § 2510.3-l(j) exception to ERISA jurisdiction are satisfied because participation in the contributory policy was voluntary, and because DuPont did not pay any contributions or premiums on Mr. Gardner’s life insurance policy. As support for her contention that DuPont did not pay any part of the premiums of the contributory policy, Plaintiff asserts Mr. Gardner continued to pay, after his termination from employment, premiums via deductions of $50.40 per month from his disability compensation checks. According to Plaintiff, neither DuPont nor Connecticut General notified Mr. Gardner that his policy had been canceled, but DuPont continued to deduct premiums from the disability cheeks and Connecticut General continued to accept the premium payments.
 

 Plaintiff argues discovery is necessary to determine whether conditions three and four of 29 C.F.R. § 2410.3-l(j) are satisfied. Plaintiff further asserts that in the absence of discovery, it appears DuPont’s only activities in regard to the contributory policy were, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect the premiums through payroll deductions or dues checkoffs, and to remit premium deductions to the insurer. Plaintiff further argues DuPont appears to have received no consideration in connection with the program, other than reasonable compensation, excluding any profit, for administrative services rendered in connection with payroll deductions or dues checkoffs.
 

 Defendants, on the other hand, claim DuPont pays all costs of administering the contributory policy as well as any difference between the cost of coverage and the employees’ premiums. Indeed, the Benefit Resources Guide, prepared by DuPont to explain the contributory and non-contributory policies to its employees, states: “DuPont pays all the administrative costs and any difference between the cost of coverage and the premiums you pay.” DuPont’s Reply Mem. Supp. Dismiss, Ex. A. at 13. DuPont asserts the fact that it is the administrator of the contributory policy serves as notice that DuPont affirmatively endorses the policy rather than merely advertising it. DuPont also points out that the summary plan description describes the contributory policy as an ERISA plan. The Court also notes that the summary description enumerates policyholder rights under ERISA in relation to contributory as well as non-contributoiy policies.
 

 At this early stage in the litigation, however, the Court lacks information necessary to make an informed decision about whether the contributory policy qualifies as part of an ERISA plan. As stated by our Court of Appeals:
 

 In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.
 

 Mylan Laboratories, Inc. v. Matkari,
 
 7 F.3d 1130, 1134 (4th Cir.1993). Moreover:
 

 a rule 12(b)(6) motion should be granted only in the most limited circumstances____ We have long held that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.
 

 Rogers v. Jefferson-Pilot Life Ins. Co.,
 
 883 F.2d 324, 325 (4th Cir.1989) (citations omitted).
 

 It is not a certainty that Plaintiff will not be able to prove any set of facts which would support her argument that the contributory policy is not an ERISA plan. During discovery Plaintiff could find, for example, that DuPont did not make contributions or pay premiums on Mr. Gardner’s life insurance policy. It is also possible that discovery will show that, contrary to the statements contained in the summary plan description, DuPont merely made the contributory policy available to employees rather than exercising
 
 *476
 
 control over it. Discovery may also show that DuPont did not endorse the contributory policy and that DuPont received no consideration for administrative services rendered in connection with the policy.
 

 Because the Court cannot determine that Plaintiff will be unable to develop evidence during discovery showing that the contributory policy falls within the “safe harbor” provision, 29 C.F.R. § 2510.3-1Q), it cannot conclude, at this juncture, that state law claims related to the policy are pre-empted by ERISA. Accordingly, it DENIES Defendants’ motions to dismiss Counts I-VII as they relate to the contributory policy. Because Plaintiffs state law claims associated with the non-contributory policy are part of an employee welfare plan, they are pre-empted by ERISA, and the Court DISMISSES them.
 

 Defendants’ motions to strike Plaintiffs jury demand and to strike her claims for extra-contractual, compensatory, and punitive damages are based on their argument that ERISA completely pre-empts all state law claims. Because the Court is unable to determine that all state claims are pre-empted, those motions are DENIED without prejudice.
 

 [1]
 

 . Plaintiff's memorandum in response to the motion to dismiss questions the Court’s jurisdiction in this action because of the as of yet undetermined status of the scope of ERISA pre-emption in regard to the contributory policy. Pl.’s Mem. at 8. There is no dispute, however about the fact that the non-contributory policy is part of an ERISA plan. Thus, the claims associated with
 
 *474
 
 that policy were clearly removable under the complete pre-emption doctrine. The Court has jurisdiction, therefore, to entertain the action based on ERISA’s complete pre-emption of state based claims associated with the non-contributory policy. Furthermore, even if the Court ultimately determines the contributory policy does not qualify as part of an ERISA plan, it may exercise supplemental jurisdiction over the state law causes of action asserted in relation to the contributory policy pursuant to 28 U.S.C. § 1367.