Frank H. COFFMAN, II, Plaintiff,

v.

METROPOLITAN LIFE INSURANCE CO., et al., Defendants.

Civil Action No. 2:00–1156.

United States District Court,
S.D. West Virginia,
Charleston Division.

April 25, 2001.

Scott B. Elkind, Andrew E. Bederman, Greenberg & Bederman, LLP, Silver Springs, MD, for Plaintiff.

Michael D. Foster, Erin Magee Condaras, Jackson & Kelly PLLC, Charleston, WV, for Defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Defendants' joint motion to dismiss. The Court **GRANTS** the motion in part and **DENIES** the remainder as moot.

## I. FACTUAL BACKGROUND

Plaintiff Frank H. Coffman, II is a former employee of Defendant American Home Products Corporation (AHPC). He participated in AHPC's Long Term Disability Plan (Plan). AHPC also provided him life insurance benefits and comprehensive health coverage. Defendant Metropolitan Life Insurance Company (MetLife) negotiated, maintained, and administered the Plan. The parties agree ERISA covers the Plan.

On November 26, 1996 Coffman became disabled from a combination of impairments. MetLife paid him six (6) months of short term disability benefits, and then, briefly, began paying long term disability benefits. Subsequently MetLife refused further payments to Coffman. The determination was upheld by AHPC's Retirement Committee.

On January 10, 2001 Coffman instituted this action. His four count Amended Complaint asserts claims against both AHPC and MetLife for (1) wrongful denial of benefits/breach of fiduciary duty (Counts I and III); and (2) violation of the West Virginia Unfair Trade Practices Act (WVUTPA), *West Virginia Code* Sections 33–11–1 *et seq.* (Counts II and IV). Defendants assert (1) Coffman has no claim for breach of fiduciary duty; and (2) the WVUTPA claims are preempted.

## II. DISCUSSION

### A. *Governing Standard*

Our Court of Appeals has often stated the settled standard governing the disposition of a motion to dismiss pursuant to *Rule* 12(b)(6), *Federal Rules of Civil Procedure:*

> In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which

would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.

*Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993) (citations omitted); *see also Brooks v. City of Winston–Salem,* 85 F.3d 178, 181 (4th Cir. 1996); *Gardner v. E.I. Dupont De Nemours and Co.,* 939 F.Supp. 471, 475 (S.D.W.Va.1996).

### B. *Breach of Fiduciary Duty Contention*

■ Defendants assert Coffman attempts to allege a claim for breach of fiduciary duty under ERISA, 29 U.S.C. § 1132(a)(2), when he has an adequate claim for wrongful denial of benefits under 29 U.S.C. § 1132(a)(1)(B). Generally, one is prohibited from using Section 1132(a)(2) under these circumstances. *See Dwyer v. Metropolitan Life Ins. Co.,* No. 00–1514, 2001 WL 94749, at *8 (4th Cir. Feb.5, 2001) ("The Supreme Court has recognized that in certain circumstances a beneficiary may sue for breach of fiduciary duty, but the remedy is limited to 'appropriate relief.' '[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity Corp. v. Howe,* 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). "Congress has provided Dwyer a right to seek benefits under ERISA § 502(a)(1)(B).").

Responding, Coffman denies pleading a fiduciary breach claim. Instead, he asserts his claim is no more than one alleging a wrongful denial of benefits under Section 1132(a)(1)(B). His reference to fiduciary duties was done to demonstrate a

fiduciary's "conflict of interest bears on the deference to be given to a claims decision applying the abuse of discretion standard of review." Opp. Mem. at 4. Coffman having so limited his claim, the Court DENIES as moot Defendants' motion to dismiss Counts I and III of the Amended Complaint.

### C. Unfair Trade Practices Claim

■ Counts II and IV of the Amended Complaint allege claims under the WVUTPA. Coffman's claims track many of WVUTPA's enumerated unlawful practices. All of the practices relate to the Plan and Defendants' processing of Coffman's benefit claims. In sum, however, other allegations in Counts II and IV indicate Coffman's general dissatisfaction with how Defendants handled his benefits request. *See, e.g.,* Am. Compl. ¶ 19 (stating MetLife "was dutybound to *consider the subject claim* for disability benefits without committing the following [unfair] acts") (emphasis added); *id.* ¶ 20 (stating MetLife "maliciously, wantonly, oppressively and recklessly *denied Plaintiff's application* and appeal for long term disability") (emphasis added).

ERISA's express preemption provision, 29 U.S.C. § 1144(a) provides pertinently:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). The preemptive sweep of Section 1144(a), however, is tempered by a savings clause contained in Section 1144(b)(2)(A), which preserves for state regulation any law "which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A).

Our Court of Appeals has applied Section 1144 to a beneficiary's attempt to assert WVUTPA claims arising out of a plan's denial of benefits:

Custer contends that if the preemption clause of 29 U.S.C. § 1144(a) applies, so does the savings clause in § 1144(b)(2)(A), saving from preemption any law regulating insurance.... Custer argues that her state law claim alleged in Count III, based on West Virginia's unfair trade practices [Act], W.Va.Code § 33–11–4(9) (defining unfair settlement practices as an unfair trade practice), is saved from preemption as arising under a law that regulates insurance....

. . . .

Controlled by *Pilot Life [Insurance Company v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)] and *Powell [v. Chesapeake & Potomac Telephone Co.,* 780 F.2d 419, 423–24 (4th Cir.1985)], we hold that Custer's claims under West Virginia law relating to improper claims processing or administration are not saved from preemption by the savings clause.

*Custer v. Pan American Life Ins. Co.,* 12 F.3d 410, 419–20 (4th Cir.1993); *see also Tri–State Mach., Inc. v. Nationwide Life Ins. Co.,* 33 F.3d 309, 315 (4th Cir.1994) (stating "The holding in *Custer* applies here").

Undaunted, Coffman asserts this Court should reexamine *Custer* and *Nationwide* in light of the Supreme· Court's recent decision in *UNUM Life Insurance Co. v. Ward,* 526 U.S. 358, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999). The Supreme Court in *Ward* held that California's notice-prejudice rule regulated insurance within the meaning of the savings clause. Some commentators agree with Coffman, suggesting

*Ward* has in fact changed the legal landscape in this area:

> *Pilot Life* did not consider any statutory unfair insurance practices claims. Arguably, state law claims arising from the violation of specific insurance regulations would fit within the ambit of the savings clause exception to preemption, particularly in light of the recent Supreme Court opinion in *UNUM Life Insurance Co. v. Ward*, 526 U.S. 358, 119 S.Ct. 1380, 1385–91, 143 L.Ed.2d 462 (1999), which clarifies the test for savings clause analysis. *But see Tri–State Mach., Inc. v. Nationwide Life Ins. Co.*, 33 F.3d 309, 315 (4th Cir.1994) (holding that claims for violation of the insurance chapter of the West Virginia Unfair Trade Practices Act are not saved from preemption).

Donald T. Bogan, *Protecting Patient Rights Despite ERISA: Will the Supreme Court Allow States to Regulate Managed Care?*, 74 Tul. L.Rev. 951, 992 n. 200 (2000) (emphasis added).

Speculation concerning how an intervening, distinguishable Supreme Court case affects circuit precedent, however, is largely academic at this point. Our Court of Appeals recently cautioned in *Smith v. Moore*, 137 F.3d 808, 821 (4th Cir.), *cert. denied*, 525 U.S. 886, 119 S.Ct. 199, 142 L.Ed.2d 163 (1998):

> It is well established that a decision of this Court is binding on other panels unless it is overruled by a subsequent en banc opinion of the Court or an intervening decision of the United States Supreme Court.

*Id.* Neither the Supreme Court in *Ward*, nor the Court of Appeals en banc, have implicitly or explicitly overruled or otherwise delimited *Custer* or *Nationwide*. Ob-

viously, this district court cannot do what a panel of appellate jurists is prohibited from doing. Despite Coffman's invitation, it is not the office of this Court to alter the force and effect of settled circuit law. Hence, *Custer* and *Nationwide* control and this Court is not tempted to otherwise opine.

Accordingly, the Court GRANTS Defendants' motion in part and DISMISSES Counts II and IV of the Amended Complaint.[1]

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to publish it on the Court's website at http://www.wvsd.uscourts.gov/opinions/index.htm.

---

1. Defendant also seeks to strike Coffman's demand for both a jury trial and punitive damages. Since those demands were made only with respect to the WVUTPA claims, the remedies perish with the claims dismissed.