**William ADKINS, Plaintiff,**

v.

**Michael H. HOLLAND, et al., Defendants.**

**No. Civ.A. 2:02–0249.**

United States District Court, S.D. West Virginia, Charleston Division.

Aug. 20, 2002.

---

Robert B. Wilson, Charleston, WV, for plaintiff.

Susan Cannon Ryan, Shaffer & Shaffer, Charleston, WV, David W. Allen, Glenda S. Finch, Christopher F. Clarke, UMWA Health & Retirement Funds, Office of the General Counsel, Washington, DC, for defendants.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are 1) Defendants' motion to dismiss and Plaintiff's motions 2) for partial summary judgment and 3) for an extension of time to respond to Defendants' motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff William Adkins is a former coal miner who alleges coal mine injuries caused the disabilities from which he suffers and he is eligible for a disability pension. Defendants are the Trustees of the United Mine Workers of America ("UMWA") 1974 Pension Trust. The 1974 Pension Trust provides pension benefits to retired UMWA miners who become disabled as a result of a mine accident. The Trustees determined a mine accident did not cause Adkins' disability and informed him his disability pension application was denied for that reason.

Plaintiff alleges Defendants violated the notice provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by failing to provide adequate notice of the

reasons for denial of his application for disability pension benefits as required by 29 U.S.C. § 1133. Specifically, he alleges the Defendants failed to give the "true reasons" for the denial. Plaintiff further alleges that Defendants' withholding the "true reasons" for denial violates ERISA requirements to provide summary plan description ("SPD") information pursuant to 29 U.S.C. § 1022(b). Finally, Plaintiff alleges Defendants' denial of his application for benefits was an abuse of discretion.

Plaintiff's complaint seeks a determination of the reasons for denial of his disability pension and discovery on the issue whether the decision was based on a misapplication of law. Further, Plaintiff seeks an order requiring Defendants to disclose their application of two cases to disability eligibility determinations: *Norman v. Holland*, 962 F.Supp. 843 (S.D.W.Va.1996) and *Vernatter v. Holland*, 5 F.Supp.2d 407 (S.D.W.Va.1998).[1] He also asks disclosure of other unwritten eligibility exclusions and requests statutory damages of $100 per day pursuant to 29 U.S.C. § 1132(c)(1) for Defendants' failure to comply with ERISA's SPD provisions.

Defendants moved to dismiss the Complaint, with the exception of the claim for disability pension benefits. Plaintiff moved for partial summary judgment that Defendants are not following *Norman* and an injunction requiring them to do so. Plaintiff also moved to extend the time to respond to Defendants' motion to dismiss with regard to the SPD and to allow discovery on the SPD issue.

## II. DISCUSSION

### A. *Motion to Dismiss*

Our Court of Appeals has often stated the settled standard governing the disposition of a motion to dismiss pursuant to *Rule* 12(b)(6), *Federal Rules of Civil Procedure:*

> In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.

*Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993) (citations omitted); *see also Brooks v. City of Winston–Salem,* 85 F.3d 178, 181 (4th Cir. 1996); *Gardner v. E.I. Dupont De Nemours and Co.,* 939 F.Supp. 471, 475 (S.D.W.Va.1996).

### 1. Alleged failure to provide adequate reasons for denial

■ Plaintiff's first claim is that Defendants failed to provide adequate notice of the reasons for denial of his disability claim under ERISA, 29 U.S.C. § 1133. Plaintiff alleges he "sustained mine accident injuries on February 25, 1980 to his left knee, September 8, 1982 to his back, on July 11, 1991 to his right knee and on April 28, 1994 he sustained a mine accident injury to his head, neck shoulders, jaw and back." (Compl.¶ 5.) He alleges he was granted Social Security benefits effective April 2, 1997, "based upon chronic obstructive pulmonary disease, post-traumatic arthritis of the left knee, obesity and borderline intellectual functioning." (*Id.*) Plaintiff further alleges Defendants' "refusal to discuss the applicability of *Norman v. Holland*, . . . creates a question of fact regarding the true reason behind the

---

1. *Vernatter* was reversed, *Vernatter v. Holland,* 175 F.3d 1018, 1999 WL 133124 (4th Cir. 1999), *cert. denied,* 528 U.S. 854, 120 S.Ct. 135, 145 L.Ed.2d 115 (1999). To the extent Plaintiff's claims rely solely on a failure to apply the district court decision in *Vernatter*, they are **DISMISSED** for failure to state a claim under *Rule* 12(b)(6).

Trustees' denial of his disability pension application." (*Id.* ¶ 6.)

■ ERISA requires an adequate notice "setting forth the specific reasons for [the] denial, written in a manner calculated to be understood by the participant" must be provided to any participant whose claim is denied. 29 U.S.C. § 1133(1). According to the Fourth Circuit, an ERISA denial notice must contain:

(1) The specific reason or reasons for the denial;

(2) Specific reference to pertinent plan provisions on which the denial is based;

(3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

*Ellis v. Metropolitan Life Ins. Co.*, 126 F.3d 228, 234 (4th Cir.1997) (citing 29 C.F.R. § 2560.503–1(f)).

Plaintiff's complaint contains no allegations Defendants' denial letters did not reference pertinent plan provisions, describe additional material or information necessary to the claimant, or inform the claimant of the review process, as required by items (2), (3), and (4). Viewing the allegations in the light most favorable to Plaintiff, it appears his claim is based only upon Defendants' failure to provide the specific reason or reasons for the denial, as required by item (1).

■ While ERISA requires a plan administrator to give the specific reasons for a denial, " 'plan administrators are not required to provide the "reasoning behind the reasons" ' ". *Stephenson v. Holland*, 8 Fed.Appx. 159, 2001 WL 246069 (4th Cir. 2001) (quoting *Gallo v. Amoco Corp.*, 102 F.3d 918, 922 (7th Cir.1996)). Reasoning, such as "the interpretative process that generated the reasons for the denial," is not required in the denial letter. *Gallo, id.* The plan administrator must only provide a sufficient explanation to enable the claimant to formulate his further challenge to the denial. *See id.* at 923. Included in the "reasoning behind the reasons" is application of case law, such as the *Norman* case, which Defendants are not required to provide.

Because Plaintiff's first claim alleges only Defendants' failure to provide true reasons for the denial in violation of 29 U.S.C. § 1133, it is **DISMISSED** for failure to state a claim upon which relief can be granted.

**2. Alleged failure to provide complete SPD information**

■ Plaintiff's next claim is that Defendants' withholding of the "true reasons" for denial violates ERISA requirements to provide SPD information pursuant to 29 U.S.C. § 1022(b) and constitutes a breach of Defendants' fiduciary duties. On this claim, Plaintiff moves for an extension of time for discovery before the motion to dismiss is considered. As authority, he cites the proposition that "summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery." (Pl.'s Mot. for Extension at 1.) Complete discovery is, of course, crucial to summary judgment, to determine if questions of material fact are extant. *See* Fed.R.Civ.P. 56(c). The pending motion, however, is a motion to dismiss under *Rule* 12(b)(6). Such a motion serves "to test the formal sufficiency of the state of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (2d ed.1990).

Facts are only alleged at this stage, and the issue is the sufficiency of the complaint to state a redressable claim. Discovery is irrelevant to the legal questions presented by this motion. Accordingly, the motion for a time extension to undertake discovery on this claim is **DENIED**.

■ Plaintiff alleges the Trustees breached their fiduciary duty to provide SPD information by refusing to disclose whether they are applying the *Norman* standard to disability applications and by applying other undisclosed criteria [2] in making eligibility determinations in violation of 29 U.S.C. § 1022(b). (Compl.¶ 8.)

All employee benefit plans must be "established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). ERISA plan administrators are required to act consistently with the Plan's written terms. Plan fiduciaries are required to act solely in "accordance with the documents and instruments governing the plan." *Id.* § 1104(a)(1)(D).

Section 1022 of ERISA requires the employer to prepare and distribute promptly to the employee-participants a "Summary Plan Description", which booklet "shall be written in a manner calculated to be understood by the average plan participant" and provide the plan participants an "accurate and comprehensive" statement of their "rights and obligations under the plan." *Id.* §§ 1022(a). SPDs are considered part of the ERISA plan documents. *See Alday v. Container Corp. of America*, 906 F.2d 660, 665 (11th Cir.1990), *cert. denied*, 498 U.S. 1026, 111 S.Ct. 675, 112 L.Ed.2d 668 (1991); *Moore v. Metropolitan Life Ins. Co.*, 856 F.2d 488, 492 (2d Cir.1988). Section 1022(b) specifically pro-vides what information is to be included in the SPD to be furnished the plan participant, and includes the "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits." 29 U.S.C. §§ 1022(b). Simply put, the SPD is a *summary description* of the *plan* that can be understood by the average plan participant.

The information Plaintiff seeks should be in the SPD only if it is in the plan or reasonably describes or reflects what is in the plan. Plaintiff fails to allege the SPD misrepresents or misstates the requirements of the plan or that the plan and the SPD differ in any material respects concerning disqualification, ineligibility or potential loss of benefits. Plaintiff also does not allege Defendants are acting inconsistently with the terms of the plan. Instead, the complaint alleges the SPD fails to provide "information," i.e., the "true reasons" Plaintiff believes Defendants rely on in making eligibility determinations. However, the information required by statute to be set forth in SPD is that contained in the plan, not any extraneous information Plaintiff wishes to receive. In particular, there is no requirement the SPD provide the reasons behind the reasoning when disability pension applications are denied.

Plaintiff asserts Defendants' refusal to disclose whether they are applying *Norman* and the other alleged ineligibility criteria constitutes a breach of fiduciary duty. As established above, however, Defendants do not have a duty to provide the reasoning behind their reasons for disability benefits denial. Defendants also have no duty to put in the SPD material that is not covered by the plan. *See* 29 U.S.C.

---

**2.** The Complaint alleges applicants also were denied disability pension benefits 1) where they were awarded workers compensation permanent partial disability benefits for black lung, 2) were last employed by a signatory employer which closed the mine while the applicant was off work as a result of a mine injury, and/or 3) where the applicant last worked on a date subsequent to the date of his or her last mine injury. (Compl.¶ 7.) These appear to be the "other undisclosed criteria" referenced in paragraph 8.

§ 1022(a)(1) (SPD "shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations *under the plan.*" (emphasis added)). Plaintiff fails to allege Defendants have violated any disclosure requirements mandated by ERISA regarding information provided either in the SPD or the denial letter.

Accordingly, the Court **FINDS** and **CONCLUDES** Plaintiff's Complaint fails to allege a violation of 29 U.S.C. § 1022(b) on which relief can be granted. Defendants' motion to dismiss this claim is **GRANTED.** Plaintiff's motion for partial summary judgment and an injunction on this claim is **DENIED** as moot.

### B. Denial of Benefits Claim

█ Plaintiff's remaining claim is that the Trustees wrongfully denied him disability pension benefits. On that claim, Plaintiff seeks discovery to determine whether the Trustees based their denial on a misapplication of law. (Compl.¶ 10.) Additionally, he requests *de novo* review of the denial. (Compl.¶ 6.)

Where an ERISA plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plans, a court reviews the plan administrator's decisions for abuse of discretion. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 114–15, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Our Court of Appeals has held the 1974 Pension Plan at issue here expressly confers upon the Trustees full and final determination as to all issues concerning eligibility for benefits. *See e.g., Hale v. Trustees of UMWA Health & Retirement Funds,* 23 F.3d 899, 901 (4th Cir.1994); *Lockhart v. UMWA 1974 Pension Trust,* 5 F.3d 74, 77 (4th Cir.1993). Thus, the Trustees' denial of Plaintiff's benefits must be reviewed for abuse of discretion. Under that standard,

the prime consideration is the reasonableness of the Trustee's decision. *See Crosby v. Crosby,* 986 F.2d 79, 83 (4th Cir.1993). For these reasons, Plaintiff is not entitled to a *de novo* review of the Trustees' decision. Rather, the Court must focus on the evidence that was before the Trustees at the time of their final decision and determine from that whether the Trustees' decision was reasonable. *See Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.,* 32 F.3d 120, 125 (4th Cir.1994). Thus, because the Court will review the administrative record, additional discovery is neither necessary nor appropriate.

### III. CONCLUSION

Defendants' motion to dismiss all claims except Plaintiff's claim for benefits under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B) is **GRANTED.** Plaintiff's motion for an extension of time to conduct discovery on his claim Defendants violated Section 1022(b) is **DENIED.** Plaintiff's motion for partial summary judgment and injunctive relief on the same claim is **DENIED** as moot.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and publish it on the Court's website at http://www.wvsd.uscourts.gov.