**Joe C. BOLAND, Plaintiff,**

v.

**GEORGIE BOY MANUFACTURING, INC., and Freightliner Custom Chassis Corporation, Defendants.**

No. CIV.A. 2:02–1343.

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 21, 2003.

Anthony M. Salvatore, Hamilton, Burgess, Young & Pollard, Fayetteville, WV, for Plaintiff.

Brian R. Swiger, M. David Griffith, Matthew S. Casto, Robinson & McElwee, Charleston, WV, for Defendant Georgie Boy Manufacturing, Inc.

### *MEMORANDUM OPINION AND ORDER*

HADEN, District Judge.

Pending is the motion of Defendant Georgie Boy Manufacturing, Inc. (Georgie Boy) to dismiss pursuant to *Rule* 12(b)(6). Fed.R.Civ.P. 12(b)(6). After Georgie Boy's motion was filed, Plaintiff Joe C. Boland (Boland) was given leave to amend and add a second count to the Complaint. *Count* One of the Amended Complaint, filed January 10, 2003, remains identical to the single count of the original Complaint, which Georgie Boy moves to dismiss. Accordingly, the Court construes the motion as one to dismiss *Count* One of the Amended Complaint. That motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action was brought under the West Virginia "Lemon Law," West Virginia Code § 46A–6A–1 (2002) *et seq.* Boland alleges he purchased a new 2000 Georgie Boy, Model 3601, from an authorized retail dealer on May 19, 2001. (Amend. Compl.¶ 4.) Boland allegedly experienced repeated nonconformities with the new motor vehicle warranties, at least one of which could be life threatening. (*Id.* at ¶ 6.) Although Boland provided a reasonable number of attempts to conform the motor vehicle to its warranty, the manufacturers have failed to bring the vehicle into conformity or replace it. The motor vehicle was out of service more than thirty days for repair during the first year of ownership. (*Id.* at ¶¶ 7, 8.)

Georgie Boy moved to dismiss on the grounds that it is not a "manufacturer" within the meaning of the West Virginia Lemon Law and does not expressly warrant motor vehicles under the statute. *See* W. Va.Code §§ 46A–6A–2(1) to (4).

## II. DISCUSSION

### A. *Standard of Review*

Our Court of Appeals has often stated the settled standard governing the disposition of a motion to dismiss pursuant to *Rule* 12(b)(6), *Federal Rules of Civil Procedure:*

> In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.

*Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993) (citations omitted); *see also Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *Gardner v. E.I. Dupont De Nemours and Co.*, 939 F.Supp. 471, 475 (S.D.W.Va.1996). It is through this analytical prism the Court evaluates Defendant's motion.

### B. West Virginia Lemon Law

Under the statute, a motor vehicle manufacturer has a duty to repair a vehicle so it conforms with the applicable express warranties or, if defects are not corrected after a reasonable number of attempts, the manufacturer shall replace it with a comparable new motor vehicle that does conform. *See* W. Va.Code § 46A–6A–3(a), (b). A manufacturer is "a person engaged in the business of manufacturing, assembling or distributing motor vehicles[.]" *Id.* at 46A–6A–2(2). A motor vehicle is a passenger automobile, certain pickup trucks and vans, and "any self-propelled motor vehicle chassis of motor homes sold in this State subject to registration as a Class A or Class B motor vehicle[.]" *Id.* at 46A–6A–2(4). Georgie Boy argues it does not manufacture or assemble the "motor vehicle chassis of motor homes" and therefore is not a manufacturer under the Lemon Law.[1]

In enacting the Lemon Law, the Legislature declared its purpose was to place upon "manufacturers of motor vehicles the duty to meet their obligations and responsibilities under the terms of the express warranties extended to consumers in this State." W. Va.Code § 46A–6A–1(1). The Legislature found "as a matter of public policy that the manufacturer shall bear the total cost of performing any duty or responsibility imposed by their warranties and the provisions of this article." *Id.* It would contravene public policy for the manufacturer to attempt to shift this duty to the dealer. *See id.* at § 1(2). When the Legislature defined "manufacturer," the term was broadly construed to include anyone "manufacturing, assembling or distributing" motor vehicles. W. Va.Code § 46A–6A–2(2). As noted above, Georgie Boy appears to be, at least, a distributor of motor vehicles as defined under the statute.[2]

Georgie Boy relies on a specific portion of the statute: that "motor vehicle" means, *inter alia*, "any self-propelled motor vehicle chassis of motor homes" and claims, on this basis, that because it does not manufacture or assemble chassis, it is not liable under the statute for its motor homes. In *Bostic v. Mallard Coach Co., Inc.*, 185 W.Va. 294, 406 S.E.2d 725 (1991), the Supreme Court of Appeals of West Virginia applied the state Lemon Law to Defendant Mallard Coach, which had manufactured a "recreational vehicle," also identified as a "motor home," that the Plaintiff claimed was dangerous and unstable. *See id.* at 296, 406 S.E.2d at 727. The opinion does not address the specific statutory definition relied on by Georgie Boy, but it is noteworthy that the recreational vehicle itself was manufactured by Mallard, while the chassis was manufactured by Chevro-

---

1. Notably, Georgie Boy does not argue it does not *distribute* such chassis, which activity in itself subjects the distributor to liability as a manufacturer. *See* W. Va.Code § 46A–6A–2(2).

2. At this point, no discovery has been done and no party has explained or discussed exactly what activities Georgie Boy does and what products it manufactures and distributes. The name "Georgie Boy Manufacturing, Inc." suggests it manufactures something and, as Plaintiff purchased a "Georgie Boy, Model 3601," the items it manufactures are apparently distributed. According to Boland, the "Georgie Boy" he purchased is a "Landau motor home." The dealer was Little Valley RV in Prosperity, West Virginia.

let. *See id.* Thus, while Mallard did not manufacture the chassis, nevertheless the Lemon Law statute applied to Mallard.

Under the Lemon Law, "motor vehicle" includes "*any self-propelled motor vehicle chassis of motor homes* sold in this State subject to registration as a Class A or Class B motor vehicle" under West Virginia Code § 17A–10. W. Va.Code § 46A–6A–2(4) (emphasis added). Georgie Boy seeks to read the definition narrowly to include only chassis. Examination of Chapter 17A strongly suggests a broader reading.

Class A and B motor vehicles are passenger cars and trucks being 8000 pounds or less gross weight, Class A, or more than 8000 pounds, Class B.W. Va.Code § 17A–10–1. "Vehicle" is defined for Chapter 17A as "every device in, upon or by which any person or property is or may be transported or drawn upon a highway" and "motor vehicle" means "every vehicle which is self-propelled." *Id.* at § 17A–1–1. Pertinently, a "motor home" means:

> every *vehicle*, designed to provide temporary living quarters, built into an integral part of or permanently attached to a self-propelled motor vehicle, chassis or van including: (1) Type A motor home built on an incomplete truck chassis with the truck cab constructed by the second stage manufacturer; (2) Type B motor home consisting of a van-type vehicle which has been altered to provide temporary living quarters; and Type C motor home built on an incomplete van or truck chassis with a cab constructed by the chassis manufacturer.

W. Va.Code § 17A–1–1(11). Motor homes are, themselves, vehicles, subject to Class A and B motor vehicle registration, with various relations to self-propelled vehicles, chassis, or vans.

As Georgie Boy reads the Lemon Law only the chassis of motor homes are covered. This narrow reading is inconsistent with 1) the broad public policy reach of the statute itself, 2) prior application of the statute by the state Supreme Court of Appeals of West Virginia and 3) the definition of "motor home" found in the statute referred to by the Lemon Law.

## III. CONCLUSION

Because the broad reach of the Lemon Law statute includes the activities of Georgie Boy Manufacturing, Inc. in manufacturing, assembling and distributing Georgie Boy motor homes, the Court DENIES Georgie Boy's motion to dismiss on this basis.

The Clerk is directed to send a copy of this Order to counsel of record and publish it on the Court's website at http://www.wvsd.uscourts.gov.